39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Frederick H. BROWN, Appellant,
v.
Deputy MORGAN, Pulaski County Sheriff's Department, Appellee.
 No. 94-2023.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 7, 1994.
Filed: November 7, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frederick H. Brown appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim upon which relief can be granted. We reverse.
 
 
 2
 Brown filed this complaint alleging he was involved in an accident while a passenger in a car driven by Pulaski County Sheriff's Deputy Morgan. He contended that Morgan manifested deliberate indifference for his safety by refusing to let him wear a seat belt, driving at a high rate of speed in bad weather, refusing to slow down despite Brown's pleas for him to do so, purposely speeding up, and smiling when he saw that Brown was scared, asking, "Are you scared?" The district court dismissed the complaint, concluding it did not state a claim under section 1983 as the accident was caused by mere negligence. Brown appeals.
 
 
 3
 While a constitutional claim cannot be based on mere negligence, see Daniels v. Williams, 474 U.S. 327, 332-34 (1986), when prison officials intentionally place prisoners in dangerous situations or manifest deliberate indifference for their safety, the Eighth Amendment is violated, see Fruit v. Norris, 905 F.2d 1147, 1150 (8th Cir. 1990) (forcing prisoners to perform work which prison officials knew or should have known endangered their health and safety established Eighth Amendment violation); cf. Bibbs v. Armontrout, 943 F.2d 26, 27 (8th Cir. 1991) (no Eighth Amendment violation where inmate failed to show officials knew of dangerous condition of work equipment or willfully ignored it), cert. denied, 112 S. Ct. 1212 (1992). The facts alleged in Brown's complaint are sufficient to support a conclusion that Morgan manifested deliberate indifference for his safety, and thus entitle Brown to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (standard for dismissal under Fed. R. Civ. P. 12(b)(6)).
 
 
 4
 Therefore, we reverse. JAMES B. LOKEN, Circuit Judge, dissenting.