# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2193

_____

Randell Brown,          *
         *
         Appellant,          *
         *    Appeal from the United States
     v.          *    District Court for the Western
         *    District of Missouri.
Missouri Department of Corrections,   *
         *     [PUBLISHED]
         Appellee.          *

_____

Submitted: September 25, 2003
Filed: January 14, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Randell Brown appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 action. We grant Brown leave to proceed in forma pauperis. After de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we affirm in part, and reverse and remand in part.

Brown alleged injuries arising out of an April 12, 2001 motor vehicle accident involving three Missouri Department of Corrections (MDOC) vans all en route to Jefferson City Correctional Center (JCCC), and his subsequent medical care. Although he initially named only MDOC as a defendant, after the magistrate judge

recommended dismissal Brown submitted an amended complaint which additionally named fifteen individual defendants he contended were liable for injuries he received in the accident and fifteen individuals who either denied him postaccident medical care, or provided inadequate care. The district court erroneously docketed this amended complaint as objections to the magistrate's report, see Fed. R. Civ. P. 15(a), but the district court considered the amended complaint in dismissing the action, as we will in reviewing the dismissal.

Brown's amended complaint alleged the following facts, which we must assume are true. See Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). With respect to the accident, as Brown and other inmates were being placed in the van for the trip to JCCC, Brown asked the five correctional officers (COs) present if they were going to put his seatbelt on, to which they responded, "aw hell you all will be alright," and "what you all don't trust our driving? You don't think were gonna wreck do you?" Brown could not put the seatbelt on himself because he was shackled with "bellychains, handcuffs, blackbox, and leg chains." Brown was scared by the way the drivers of the vans were driving: speeding ("up to 70 to 75 miles an hour"), following closely, and passing cars "even if the road markings suggested otherwise." At the time of the wreck, all three vans were in the passing lane and had just started to pull back into the right, when the driver of the second van in the caravan, "slammed on the brakes" to avoid hitting the first van and was rear-ended by the third van. Brown and the other inmates traveling in the second van were thrown up against the seats in front and then knocked out of their seats and onto the floor. After the accident, Brown was taken by ambulance to an emergency room where he was diagnosed with lower back trauma and whiplash.

We conclude Brown stated a claim against the five COs involved in transporting the inmates, as he alleged he asked them all to fasten his seatbelt, but they refused. See Fruit v. Norris, 905 F.2d 1147, 1150 (8th Cir. 1990) (prison officials violate Eighth Amendment when they intentionally place prisoners in

-2-

dangerous situations or manifest deliberate indifference for their safety); see also Brown v. Morgan, No. 94-2023, 1994 WL 610993, at *1 (8th Cir. Nov. 7, 1994) (unpublished per curiam) (sheriff's refusal to let prisoner wear seatbelt, driving at high rate of speed in bad weather, and smiling when he saw that prisoner was frightened was sufficient to support conclusion that sheriff manifested deliberate indifference for prisoner's safety).

Brown's amended complaint named ten other individuals he holds responsible for the accident, but these are all supervisory employees, and he does not allege any facts that would suggest personal involvement, tacit authorization, or a policy directive that inmates not be seatbelted when being transported. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).

With respect to his medical care, Brown alleged the following. In the days following the accident he asked three JCCC COs separately on three different occasions to see medical staff because he was "having severe complications" from the accident; each time his request was ignored. Brown was having difficulty seeing and standing, and had "weak shaky legs." We conclude these allegations sufficiently stated a claim against the three JCCC COs involved. See Robinson v. Hager, 292 F.3d 560, 563-64 (8th Cir. 2002) (deliberate indifference to serious medical needs of inmates may be manifested by prison guards in intentionally denying or delaying access to medical care); Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir. 1999) (alleged serious medical need must be either obvious to layperson or supported by medical evidence).

Brown also identified twelve other individuals who were involved in his post-accident medical care or in his work assignment and medical classification. As to these individuals, we agree with the district court that Brown failed to state a claim.

Finally, we agree with the district court that MDOC was not a proper party under section 1983.  Cf. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Accordingly, we reverse as to the five COs involved in transporting Brown: Keith Fortner, Eugene R. Scott, John Doe #1, John Doe #2, and John Doe #3.  We also reverse as to the three JCCC COs who ignored Brown's requests for medical care:  CO Reed, CO O'Neal, and CO Reed.  On remand, the district court should file Brown's amended complaint and allow him to proceed against these eight defendants.  We affirm as to the other defendants.  Finally, we deny Brown's other pending motions.

_____