EDITH H. JONES, Circuit Judge,
dissenting.
With due respect to my colleagues, I dissent from the holding that Rogers’ conelusory statements about reckless driving by Officer Jose Garcia suffice to plead an Eighth Amendment claim for deliberate indifference. My concerns may be easily listed.
First, there is no constitutional requirement that inmates be buckled with seat-belts during transportation. Nearly all courts have rejected such claims, because the use of seatbelts on shackled prisoners presents inevitable, non-trivial security concerns for other passengers and the guards. See Jabbar v. Fischer, 683 F.3d 54, 58 (2d Cir.2012) (citing cases).
Second, this prisoner’s allegations of “reckless driving” are factually insufficient to meet the demanding constitutional standard and pleading requirements. To establish deliberate indifference, the prisoner must show that the prison official knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). The prisoner must show both that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official actually drew the inference. Id. The prisoner’s pleadings, moreover, must allege “sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted).
Rogers’ allegations of Garcia’s excessive speed, reckless driving, and darting in and out of traffic are conclusory, because he was seated in the back of a prison van, where his view of surrounding traffic had to be obstructed: the majority explain that he was seated perpendicular to oncoming traffic. Unlike the prisoner in the Brown case, relied on by the majority, he neither *412 requested a seatbelt nor urged Jose Garcia to drive slower or more carefully. That Garcia “recklessly” caused the collision is even more doubtful, as Rogers states in his appellate brief that “Garcia was forced to slam on the transport van’s brakes to avoid rear-ending a vehicle stopped in the freeway early morning traffic.” Taking this statement as an addendum to Rogers’s pleadings, two implications are possible. Either Garcia, even though negligent in his driving, responded to an unusual, unanticipated situation, negating the inference that he knew a serious risk of substantial harm to Rogers existed; or Rogers’s allegations lack sufficient factual detail from which an inference of recklessness can fairly be drawn.
Similarly lacking are factual allegations that Garcia was actually aware of a substantial risk of serious harm to Rogers in these circumstances. The only alleged corroboration to Rogers’ conclusion is Garcia’s statement that prisoners have been injured during transportation in other instances. This statement, however, says nothing about whether Garcia was the driver on those occasions, nothing about whether actual reckless driving occurred, nothing about the type or extent of injuries sustained, nothing about driving conditions, and nothing about the use of seat-belts. Thus, I disagree that Garcia’s statement can be taken to indicate the heightened state of culpability inherent in a constitutional violation. As the Supreme Court holds, “[An] official’s failure to alleviate a significant risk that he should have perceived, but did not ... [cannot] be condemned as the infliction of punishment.” Farmer, 511 U.S. at 838, 114 S.Ct. 1970.
Lack of seatbelts alone, as the majority concede, does not pose “an excessive risk to inmate health or safety.” Further, because all driving in the congested and unpredictable traffic of the Houston metropolitan area poses some risk, the line between negligence and unconstitutional deliberate indifference must be securely drawn so that the Constitution does not simply become a “font of tort law.” Daniels v. Williams, 474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986) (internal quotation marks and citation omitted). The only way to preserve this distinction is to insist on careful factual allegations.
Third, the majority’s reliance on Brown is misplaced for two reasons. First, allegations of reckless driving were supported in that case by facts. The facts were that the convoy drove at speeds up to 75 miles per hour; the guards had refused multiple requests for seatbelts as the prisoners were being loaded into the vans; the guards “taunted” the inmates about safety concerns; the vans followed each other too closely; the vans were passing other cars when road signs “suggested otherwise.” Brown v. Mo. Dep’t of Corr., 353 F.3d 1038, 1040 (8th Cir.2004). No such facts are pled by Rogers. Second, the majority relies on the second Brown decision, which denied qualified immunity to two defendants, Brown v. Fortner, 518 F.3d 552 (8th Cir.2008), rather than the first Brown decision, Brown v. Mo. Dep’t of Corr., 353 F.3d 1038 (8th Cir.2004), which reversed a dismissal for failure to state a claim. Any unintended reference to a denial of qualified immunity in the second Brown decision, following discovery and summary judgment motions, is premature and inap-posite to this case.
The majority’s decision to allow this complainant to proceed is unfortunate, but Rogers must prove far more to overcome Garcia’s likely defense of qualified immunity and actually sustain his assertions of a constitutional violation.