**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

AMANDA BROWN,

   Plaintiff-Appellant/
Cross-Appellee,

v.

ARTHUR LARSEN, Officer, in his
individual and official capacities; and
CITY OF SOUTH SALT LAKE, a
municipal corporation in Utah,

   Defendants-Appellees/
Cross-Appellants.

Nos. 14-4096 and 14-4097
(D.C. No. 2:10-CV-00572-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **SEYMOUR** and **LUCERO**, Circuit Judges.

After placing Amanda Brown in a prison transport van and declining to
seatbelt her, Officer Arthur Larsen collided with a vehicle, injuring Brown. She
brought federal civil rights claims and state constitutional claims against the City
of South Salt Lake and two police officers, including Officer Larsen.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

The district court granted summary judgment in favor of Defendants. Brown appeals only her claim under the Utah Constitution, which provides a cause of action where the government treats arrestees with "unnecessary rigor." As we explain, this state constitutional claim requires a substantial risk of serious injury, and the conduct alleged here cannot meet that demanding standard. Accordingly, we AFFIRM.

## I. Background

Amanda Brown visited the City of Salt Lake Justice Court to settle an outstanding traffic citation. Unfortunately for Brown, she had an outstanding bench warrant on an unrelated matter. A City police officer arrested her and placed her in handcuffs. The officer, Arthur Larsen, then took her to a van for transportation to the Salt Lake County Jail. While in the van, Brown asked to be seatbelted, but Officer Larsen refused.

The jail was located about six and a half miles away, but Officer Larsen did not make it out of the parking lot. A car was backing out of a parking spot and although Officer Larsen braked, the two vehicles struck each other. As a result of the fender-bender, Brown injured her head and neck. Neither vehicle was visibly damaged.

## II. Discussion

Brown contends the district court erred in granting summary judgment on her claim arising under Article I, section 9 of the Utah Constitution. Section 9 is a state analogue to the Eighth Amendment of the United States Constitution and is designed to protect against abusive treatment of criminal defendants. It provides that "Excessive bail shall not be required; excessive fines shall not be imposed; nor shall cruel and unusual punishments be inflicted. *Persons arrested or imprisoned shall not be treated with unnecessary rigor.*" Utah Const. art. I, § 9 (emphasis added). Brown brings her claim under the "unnecessary rigor" clause, arguing that Officer Larsen's failure to seatbelt her purposely subjected her to injury.

To violate the clause, the Utah Supreme Court requires the government action expose a person to a "substantial risk of serious injury." *Dexter v. Bosko*, 184 P.3d 592, 597 ¶ 19 (Utah 2008). In *Dexter*, arresting officers failed to seatbelt a prisoner, who eventually died from injuries after the prison van rolled three times. To state a cognizable private right of action under the clause, the Court said that complainants must show state officials subjected them to "unreasonably harsh, strict, or severe treatment." *Id.* And "[w]hen the claim of unnecessary rigor arises from an injury, a constitutional violation is made out only when the act complained of presented a substantial risk of serious injury for which there was no reasonable justification at the time." *Id.* "[T]he conduct at

issue," moreover, must be "more than negligent to be actionable." *Id.* at 597 ¶ 21. In addition to these demanding standards, a complainant must also establish: (1) a "flagrant violation" of the Constitution; (2) "existing remedies" do not redress the injuries; and (3) equitable relief is inadequate. *Jensen ex rel. Jensen v. Cunningham*, 250 P.3d 465, 478 ¶ 48 (Utah 2011).

To establish the "flagrant violation" element, the complainant must show "the conduct violates clearly established constitutional rights of which a reasonable person would have known." *Id.* at 482 (internal quotation marks omitted). In the absence of clear, on point precedent recognizing the claimed right, the defendant's conduct must be egregious and unreasonable. *Jensen*, 250 P.3d at 482 ¶ 67; *see also Dexter*, 184 P.3d at 598 ¶ 25 ("If an official knowingly and unjustifiably subjects an inmate to circumstances previously identified as being unnecessarily rigorous, that is obviously a flagrant violation. Where a clear prohibition has not been previously known to the official, more may be required to establish a flagrant violation."). An officer violates the unnecessary rigor clause in an egregious manner where his act presents an "obvious and known serious risk of harm" and he acts without "reasonable justification," knowing that risk. *Dexter*, 184 P.3d at 598 ¶ 25.

Brown has not pointed to any precedent that establishes an officer's singular refusal to seatbelt a prisoner violates the unnecessary rigor clause. *See Dexter*, 184 P.3d at 598 (requiring factual support showing seriousness of risk and

-4-

flagrant conduct).  Instead, she contends that a genuine fact dispute exists over whether Larsen acted egregiously and unreasonably, exposing her to an obvious risk of serious injury without justification.

As a general matter, we have held that a custodian's failure to seatbelt a prisoner does not expose the prisoner to a substantial risk of serious injury.  For example, in an unpublished case[1] we held officers' failure to seatbelt did not pose a "substantial risk of serious harm" and thus could not support an Eighth Amendment violation.  *See Dexter v. Ford Motor Co.*, 92 F. App'x 637, 642 (10th Cir. 2004) (unpublished).  Likewise, other federal cases brought by prisoners for deliberate indifference under the Eighth Amendment[2] have uniformly held that failure to seatbelt an inmate does not pose a substantial risk of serious harm.  *See, e.g.*, *Jabbar v. Fischer*, 683 F.3d 54, 57–58 (2d Cir. 2012) (collecting cases).  The inquiry under the Eighth Amendment—whether the conditions objectively posed a "substantial risk of serious harm," *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001)—is the same as the inquiry under the unnecessary rigor clause—whether the injurious act presented a "substantial risk of serious injury," *Dexter*, 184 P.3d at 597 ¶ 19.

---

[1] This case involves the same parties as Utah's *Dexter v. Bosko*, 184 P.3d 592 (Utah 2008).  The federal case discusses the analogous Eighth Amendment claim.

[2] A prison official violates the Eight Amendment where he is deliberately indifferent to a substantial risk of serious harm to an inmate.  *Benefield v. McDowall*, 241 F.3d 1267, 1270–71 (10th Cir. 2001).

Brown contends that Officer Larsen's refusal to seatbelt her after she *asked* constitutes a flagrant violation of the unnecessary rigor clause. But this argument neglects to recognize that failure to fasten a seatbelt, without more, does not establish a substantial risk of serious injury. Brown does not allege Officer Larsen engaged in reckless driving or drove in a manner intending to injure Brown. Without substantial risk, it does not matter whether the prisoner asks to be secured or not.

A case from the Eighth Circuit is illustrative. In *Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008), the court concluded that a reasonable jury could find a substantial risk of harm where a corrections officer drove in excess of the speed limit, followed a car too closely, crossed over double-yellow lines, and passed vehicles where prohibited. There, the officer also refused to seatbelt the prisoner, but the court noted that this refusal was only relevant regarding the subjective, "deliberate indifference" to safety prong of the Eighth Amendment, not to the objective presence of risk. *Id.* at 560–61.

Brown has not established facts that raise a material dispute that Larsen was driving recklessly, or otherwise acted in a manner that presented a substantial risk of serious injury. She argues Utah law mandates seatbelt usage, illustrating that failure to buckle poses substantial risk. She also points to testimony by Officer Larsen, who admitted the truism that prisoners are safer when seatbelted and admitted that he had been involved in prior traffic accidents. But the facts

here do not support recklessness. Officer Larsen was traveling no more than five miles per hour in the courthouse parking lot prior to the accident. R., Vol. II at 115 (Larsen Dep.); *id.* at 139–40 (Brown Dep.). The accident was relatively minor and caused only a slight paint transfer. *Id.* at 182. Officer Larsen was not cited for the accident. *Id.* at 183. Taken together, these facts do not establish objective conduct that was egregious, unreasonable, and necessarily subjected Brown to a substantial risk of serious injury.[3]

In sum, the district court did not err in finding Officer Larsen complied with the Utah Constitution, and summary judgment was appropriate.

## III.  Conclusion

---

[3] Other jurisdictions have reached the same conclusion. *See, e.g., Lynch v. Jane Doe Corr. Officer Blue*, No. 14CV6919, 2016 WL 831969 (S.D. N.Y. Feb. 29, 2016) (finding failure to seatbelt and ordering plaintiff to change seats reasonable); *Jamison v. YC Parmia Ins. Grp.*, No. 2:14-cv-1710, 2015 WL 8276333, at *3 (E.D. Cal. Dec. 9, 2015) (allowing Eighth Amendment claim to survive motion to dismiss because plaintiff alleged reckless driving at speeds of 80 miles an hour alongside failure to seatbelt); *Taylor v. Stateville Dep't of Corr.*, No. 10 C 3700, 2010 WL 5014185, at *2 (N.D. Ill. Dec. 1, 2010) (unpublished) (explaining that the only instances in which failure to seatbelt might result in a constitutional violation involved purposeful, reckless driving); *Lefler v. Unknown Party No. 1*, No. 1:10–cv–800, 2010 WL 3731127, at *4 (W.D. Mich. Sept. 17, 2010) (unpublished) (holding that refusal to seatbelt, without an allegation of reckless driving, does not withstand Federal Rule of Civil Procedure 12(b)(6)); *Brown v. Saca*, No. EDCV 09-01608 ODW (SS), 2010 WL 2630891, at *3–4 (C.D. Cal. June 9, 2010) (unpublished) (holding that refusal to secure a seatbelt gives rise to a cause of action under the Eighth Amendment when combined with a specific allegation of reckless driving); *Barela v. Romero*, No. CIVIL 06-41 JBDJS, 2007 WL 2219441, at *7 (D.N.M. May 10, 2007) (unpublished) (recognizing that failure to seatbelt does not expose inmates to serious injury, but including an allegation of reckless driving does).

For the foregoing reasons, the district court's order granting summary judgment is AFFIRMED.[4]

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Circuit Judge

---

[4] Because we affirm summary judgment, we need not address Defendants' alternate grounds for affirmance presented in their cross appeal.