# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1416

_____

Leroy Smith,                                  *

                                        *

         Appellant,                   *

                                        *       Appeal from the United States

                                        *       District Court for the

      v.                            *       Eastern District of Arkansas.

                                          *

Horace Watkins; The City of Eudora,   *

                                        *

         Appellees.                  *

_____

Submitted:  September 22, 1998

Filed:  November 5, 1998

_____

Before RICHARD S. ARNOLD, WOLLMAN, and KELLY,[1] Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Leroy Smith appeals from the district court's[2] grant of summary judgment in favor of the City of Eudora (City).  We affirm.

_____

[1]The Honorable John D. Kelly died on October 21, 1998.  This opinion is consistent with his vote at the panel's conference following oral argument on September 22, 1998.

[2]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

The City hired Horace Watkins as a full-time police officer on June 20, 1994. On September 8, 1994, Watkins arrested Leroy Smith for fleeing a police officer. In the course of apprehending Smith, Watkins broke Smith's hip. Smith brought this action against the City under 42 U.S.C. § 1983 on two grounds.[3] First, he claimed that the City had an unconstitutional policy of condoning Watkins's use of excessive force. Second, he alleged that the City failed to train Watkins adequately.

We review the grant of summary judgment de novo. See Hossaini v. Western Missouri Med. Ctr., 140 F.3d 1140, 1142 (8th Cir. 1998). Summary judgment should be granted if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Id.

The City would be liable for Watkins's conduct only if it had a policy or custom that caused Smith's injury. See Board of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997). In the absence of a written policy, Smith must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. See Jane Doe A v. Special Sch. Dist., 901 F.2d 642, 646 (8th Cir. 1990). Smith must show that the City "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." Brown, 117 S. Ct. at 1388.

Smith contends that the City established a policy or custom of condoning Watkins's use of excessive force by refusing to act on complaints about Watkins's conduct. The only evidence that such a policy existed before September 8, 1994, are the affidavits of Mabel Alexander, a dispatcher, and Ronald Nichols, a deputy sheriff. Alexander asserted that the City had received complaints about unreasonable stops by

---

[3]Smith did not raise any claims against Watkins in his individual capacity. Because official-capacity suits are treated as suits against the municipality itself, the only issues in this appeal relate to Smith's claims against the City.

Watkins before Smith's arrest. Nichols averred that complaints had been made regarding unnecessary stops by Watkins "since 1991." However, neither Alexander nor Nichols could identify specific complaints that put the City on notice of a widespread pattern of unconstitutional conduct by Watkins prior to Smith's arrest. We recently held that two specific complaints and various rumors about an officer were not sufficient to establish a policy or custom of condoning unconstitutional conduct. See Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996) (stating that although complaints and rumors gave the municipality notice of the officer's questionable conduct, they did not establish a widespread pattern of misconduct rising to the level of a policy or custom). In view of our holding in Andrews and the standard enunciated by the Supreme Court in Brown, the affidavits of Alexander and Nichols do not raise a genuine issue of material fact whether the City had a policy or custom of tolerating excessive force by Watkins at the time of Smith's arrest.

Smith also claims that the City's failure to train Watkins constituted a policy or custom that caused Smith's injury. Although a plaintiff can make out a claim for failure to train by showing that city officials were deliberately indifferent to deficient training programs or special training needs, see City of Canton v. Harris, 489 U.S. 378, 389-90 (1989), Smith does not point to any evidence showing that the City's training procedures are deficient. Nor can he dispute that Watkins was qualified for his position when he was hired in June of 1994. In Andrews, we found sufficient a training program consisting of attendance at a police academy and two weeks' on-the-job training. See 98 F.3d at 1076-77. See also Williams-El v. Johnson, 872 F.2d 224, 230 (8th Cir. 1989) (finding police academy and on-the-job training adequate for correctional officers with no prior experience). Watkins attended eight weeks of police training classes while serving as an auxiliary officer in Detroit, completed the Arkansas law enforcement training academy, and received more than 100 hours of police training while serving as an auxiliary officer for the State of Arkansas. Accordingly, there is no basis for concluding that he was inadequately trained.

Smith supports his failure-to-train argument by showing that City officials received complaints about Watkins's conduct yet failed to further train him on the use of excessive force. However, evidence that the City has requested investigations into complaints about Watkins's conduct since Smith's arrest does not show that the City was deliberately indifferent to Watkins's need for special training at the time of the arrest. As the Supreme Court stated in <u>Canton</u>, one officer's shortcomings do not suffice to attach liability to a municipality, because they could just as easily result from factors other than a faulty training program. 489 U.S. at 390-91. Smith has provided no evidence of defects in the City's training procedures, nor has he identified other officers who received inadequate training on the use of excessive force.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-