# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3717

_____

|  |  |  |
|---|---|---|
| | * | |
| Joseph L. Spencer, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Knapheide Truck Equipment Co.; | * | |
| | * | |
| Defendant, | * | |
| | * | |
| The Board of Police Commissioners | * | Appeal from the United States District |
| of the Kansas City, Missouri Police | * | Court for the Western District of |
| Department, through it members: | * | Missouri. |
| | * | |
| Dr. Stacy Daniels, in her official | * | |
| capacity as Vice President, Board | * | |
| of Police Commissioners; Jeffrey | * | |
| J. Simon, in his official capacity as | * | |
| Treasurer, Board of Police | * | |
| Commissioners; Joseph J. Mulvihill, | * | |
| in his official capacity as a Member, | * | |
| Board of Police Commissioners; | * | |
| Emmanuel Cleaver, in his official | * | |
| capacity as ex officio member, Board | * | |
| of Police Commissioners and Mayor, | * | |
| City of Kansas City, Missouri; | * | |
| | * | |
| Defendants - Appellees, | * | |
| | * | |

Knapheide Manufacturing Company,          *
                                          *
          Defendant.                      *
                                          *
_____                               *
                                          *
Knapheide Truck Equipment Co.,            *
Knapheide Manufacturing Company,          *
                                          *
          Third-Party Plaintiffs.         *

_____

Submitted:  April 20, 1999.

Filed:  July 26, 1999
_____

Before BEAM and HANSEN, Circuit Judges, and KOPF,[1] District Judge.
_____

BEAM, Circuit Judge.

Joseph Spencer appeals from the district court's adverse grant of summary judgment in his section 1983 suit for personal injuries allegedly sustained as a result of his  arrest and subsequent transportation to a police facility in a patrol wagon.  For the reasons discussed below, we affirm.

## I.     BACKGROUND

On January 30, 1992, while on patrol wagon duty, Officer Trussler of the Kansas City, Missouri, Police Department, responded to a call to transport Spencer to

_____

[1]The Honorable Richard G. Kopf, District Court Judge for the District of Nebraska, sitting by designation.

the police station.  Spencer had been arrested for simple assault.  Upon arriving at the scene, Officer Trussler handcuffed an intoxicated Spencer with his hands behind his back and escorted him to the rear of a patrol wagon and into the prisoner compartment. Once inside the compartment, Spencer sat on one of two steel benches which run lengthwise along each side of the compartment's interior.[2]  There were no seatbelts or other safety restraint devices installed in the compartment.  Spencer claims that during the trip to the police station, he had difficulty maintaining his balance on the bench and that he was tossed around as Officer Trussler made turns, stops, and starts.  At some point during the ride, Spencer claims he was thrown forward  into the bulkhead of the compartment causing severe injuries and rendering him a quadriplegic.

Spencer filed an eleven-count complaint in federal district court raising various claims against members of the Board of Police Commissioners of Kansas City, Missouri (Board), in their official capacities, and Knapheide Truck Equipment Company and Knapheide Manufacturing Company (Knapheide), the manufacturer and seller of the patrol wagon.  The claims against Knapheide were either dismissed or settled and are not the subject matter of this appeal.  One of the claims asserted against the Board was also settled, and the Board moved for summary judgment on the remaining allegations.

The claims assert a section 1983 cause of action for alleged violations of Spencer's Fifth and Fourteenth Amendment rights.  Specifically, Spencer asserts that: (1) the Board maintained an official policy of purchasing and using patrol wagons that were inherently unsafe; (2) the Board had a policy of transporting intoxicated individuals with their hands handcuffed behind their back in these patrol wagons, even after it had notice that such policy was resulting in injuries; and (3) these policies

---

[2]Officer  Trussler contends that he twice instructed Spencer to sit on the floor of the police wagon, but that plaintiff did not comply.  Spencer, however, claims that he was never told to sit on the floor.

constituted a form of punishment for pretrial detainees. The district court granted summary judgment in favor of the Board. We affirm.

## II.    DISCUSSION

We review a grant of summary judgment de novo. See Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Smith v. Watkins, 159 F.3d 1137, 1138 (8th Cir. 1998). Our analysis begins with the recognition that because Spencer's section 1983 suit is against the members of the Board in their official capacities, it must be treated as a suit against the municipality. See Liebe, 157 F.3d at 578. A plaintiff may establish municipal liability under section 1983 by proving that his or her constitutional rights were violated by an "'action pursuant to official municipal policy' or misconduct so pervasive among non-policymaking employees of the municipality 'as to constitute a "custom or usage" with the force of law.'" Ware v. Jackson County, 150 F.3d 873, 880 (8th Cir. 1998) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).

The district court stated that for liability to attach, Spencer must also establish that the Board was "deliberately indifferent" to or tacitly authorized such misconduct after notice of the misconduct. The court then went on to find that: (1) Spencer failed to establish evidence of a pattern of constitutional violations and (2) even if he had, he failed to demonstrate that the Board was deliberately indifferent to the safety of the individuals transported in the patrol wagons. The district court's application of the "deliberate indifference" standard forms the gravamen of Spencer's argument on appeal. Specifically, Spencer claims that the district court erred in analyzing his claims under an Eighth Amendment subjective deliberate indifference standard instead of an objective deliberate indifference test.

"'[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.'" County of Sacramento v. Lewis, 118 S. Ct. 1708, 1719 (1998) (quoting DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989)).  Thus, a prisoner's Eighth Amendment rights are violated when government entities or officials are deliberately indifferent to a prisoner's medical needs, see Estelle v. Gamble, 429 U.S. 97, 104 (1976), or to his or her safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  In this case, however, because Spencer was a pretrial detainee[3] his claims are properly analyzed under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment.  See Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).  The question before us then is whether we analyze the government's actions or inactions in such cases under the Eighth Amendment "deliberate indifference" standard or some other, less stringent, exercise.

Spencer concedes that deliberate indifference is the correct standard to apply in this case.  However, he contends that the term has different meanings depending on the context in which it is being used.  He argues that the district court erred in applying the *subjective* "deliberate indifference" standard used in Eighth Amendment cases in this pretrial detainee case alleging due process violations.  That standard requires a plaintiff alleging deliberate indifference to prove that the official both knew of and disregarded an excessive risk to health or safety.  See Farmer, 511 U.S. at 837.  Instead, Spencer argues, the district court should have analyzed his claims under an *objective* deliberate indifference standard.  Under such a standard, a municipality is liable for maintaining

_____

[3]Although Spencer states at one point in his brief that his status at the time in question is more accurately characterized as that of an arrestee rather than a pretrial detainee, both his complaint and the district court's order frame the discussion in terms of the rights of pretrial detainees.  As it does not impact our analysis of his claim, we do the same.

-5-

a policy in which an inadequacy is "so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent." City of Canton v. Harris, 489 U.S. 378, 390 (1989); see also Farmer, 511 U.S. at 840-41.

The standard to be applied in assessing a pretrial detainee's claim of due process violations, such as this one, is not entirely clear. The Supreme Court has held that pretrial detainees are entitled under the Fourteenth Amendment to "at least as great" protection as that afforded convicted prisoners under the Eighth Amendment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). This court has yet to settle on a clearly binding standard. See Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Although we have suggested, in dicta, in cases dealing with pretrial detainees' claims of inadequate medical care, that a more stringent standard than deliberate indifference would be appropriate, no specific standard has yet been established. See Johnson-El v. Schoemehl, 878 F.2d 1043, 1055 n.8 (8th Cir. 1989); Davis, 992 F.2d at 152.

However, we do not think that the facts of this case call for a determination of this issue, for even if we were to apply an objective deliberate indifference standard, we would still find that Spencer has failed to state a due process violation. As the district court correctly noted, deliberate indifference is a difficult standard to meet. See Liebe, 157 F.3d at 577. Regardless of whether the term is framed as a subjective or objective test, the alleged deprivation must still be "sufficiently serious" and "pose a substantial risk of serious harm." Farmer, 511 U.S. at 834; see also Liebe, 157 F.3d at 577.

Thus, even using an objective standard, we do not think that the Board's purchase of patrol wagons without safety restraints nor its manner of transporting individuals in these wagons were policies that obviously presented a "substantial risk of serious harm." This is particularly true in light of the fact that, at the time of

Spencer's arrest, the Kansas City, Missouri, Police Department had guidelines in place which instructed its officers to exercise caution when transporting individuals in the patrol wagon.[4] Though these guidelines may not have been adequate to prevent injuries, their failures, if any, constitute negligence at most.

Spencer claims that the Board's deliberate indifference is also illustrated by the fact that prior to his arrest, the Board had notice, in the form of citizen complaints filed with the Board's Office of Citizen Complaints, that injuries were occurring to individuals during transport in the patrol wagons. The record shows that, with the exception of one detainee who was taken to the hospital, the complaints refer to minor injuries or allegations of being tossed about the compartment without any resulting injuries. In short, we find that the complaints do not establish that the Board was deliberately indifferent to conditions that posed a substantial risk of serious harm.

---

[4]The instructions state in pertinent part that:

Officers operating the patrol wagon/van will:

. . .

(3) Advise prisoners to use caution when entering the wagon.
(4) Advise prisoners to sit at the front of the wagon or on the floor.
(5) Place on the floor of the wagon any prisoner whose physical condition would not permit them to protect themselves from falling or being thrown against the sides of the wagon.
(6) Drive in such a manner as to not injure prisoners.

Kansas City, Missouri Police Department Procedural Instruction, Annex E-Handcuffing and Transportation of Prisoners (1991).

Finally, we reject Spencer's claim that the Board's policies constituted a form of punishment for pretrial detainees.  When a policy lacks an express intent to punish, as this one does, we may infer such an intent if the policy is either unrelated  to a legitimate penological goal or excessive in relation to that goal.  See Haslar v. Megerman, 104 F.3d 178, 180  (8th Cir. 1997).  The Board's decision  to use  patrol wagons without seatbelts was based on its concern that individuals transported in the wagon, even those who were handcuffed, could use the seatbelt as a weapon to harm an officer, other passengers being transported in the wagon, or even themselves.  Such a policy is related to the legitimate penological goal of transporting individuals to police facilities without harm to officers or passengers.  Nor can we infer an intent to punish from the Board's decision not to install any other forms of safety devices or padding in the wagon, especially in light of the Board's guidelines cautioning officers to exercise care in the transport of such individuals and the paucity of complaints of serious harm occurring during such transport.

Although we sympathize with Mr. Spencer's condition and regret the unfortunate circumstances which led to his injury, we do not think that these facts rise to the level of a constitutional deprivation.

## III.   CONCLUSION

For the foregoing reasons, the decision of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-