# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1986

_____

| | | |
|---|---|---|
| Mary A. Ratliff, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| City of Columbia; Rob Sanders, | * | |
| Officer; Dennis Veach, Officer; Mike | * | [UNPUBLISHED] |
| McFarland, Officer; Ernie Barbee, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 18, 1999

Filed: November 24, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Alleging her arrest was racially motivated and without probable cause, Mary A. Ratliff brought this 42 U.S.C. § 1983 action against the City of Columbia and police officers Rob Sanders, Dennis Veach, Mike McFarland, and Ernie Barbee in their official capacities (collectively the City). Ratliff claimed her arrest was the result of the failure to discipline officer Sanders for earlier misconduct and the failure to train officers in cultural diversity. The district court granted summary judgment for the City, and Ratliff appeals. Because Ratliff sued the officers in their official capacities, we

treat her entire lawsuit as one against the municipality and apply the well-established standards governing municipal liability. See Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 905 (8th Cir. 1999). Ratliff cannot prevail on her failure-to-discipline claim unless there is a municipal policy or custom of failing to act on earlier similar complaints of unconstitutional conduct. See Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996). We agree with the district court that the record fails to establish the existence of that kind of policy or custom. Ratliff points to eight earlier complaints of misconduct against Sanders, but the complaints were investigated each time and officer Sanders was found to have acted improperly on just three occasions. Only two complaints were for false arrest, and one of those arrests was found to be proper. Sanders was disciplined for the improper arrest. None of the eight complaints involved allegations of racial discrimination or insensitivity. The earlier complaints are insufficient as a matter of law to show a persistent pattern of unconstitutional misconduct on Sanders's part, notice to officials of such misconduct, or deliberate failure to act on complaints of false arrest or racial discrimination. See id. at 1075-76; Thelma D. v. Board of Educ., 934 F.2d 929, 932-33 (8th Cir. 1991). Ratliff cannot prevail on her failure-to-train claim unless the municipality had notice its training was inadequate. See Andrews, 98 F.3d at 1076. Here, the record does not establish the municipality had any notice of earlier incidents of misconduct caused by a failure to train its officers in cultural diversity. Thus, Ratliff's failure-to-train claim fails. See id.; Thelma D., 934 F.2d at 934-35. Having reviewed the grant of summary judgment de novo, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-