# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1791

_____

Robert Wilson,                                    *
                                                  *
               Appellant,                         *
                                                  *
        v.                                        *
                                                  *
Nancy H. Evans, Public Safety                     *
Commissioner of the City of Cedar                 *
Rapids, individually and in her official          *   Appeal from the United States
capacity; Cedar Rapids Police                     *   District Court for the
Department, sued as The Cedar Rapids              *   Northern District of Iowa.
City Police Department; City of Cedar             *
Rapids; Brian Bean, police officer of             *        [UNPUBLISHED]
the City of Cedar Rapids, individually;           *
Graham Campshure, police officer of               *
the City of Cedar Rapids, individually;           *
Four Unidentified and Unnamed                     *
Officers, Cedar Rapids Police                     *
Department, individually,                         *
                                                  *
               Appellees.                         *

_____

Submitted: August 30, 2001
Filed: September 4, 2001

_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Robert Wilson appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action claiming violations of the Fourth and Fourteenth Amendments. He alleges that because he is African American, he was twice stopped and detained by City of Cedar Rapids (City) police officers for no legitimate purpose, and on one occasion they required him to provide his personal identifying information when he tried to report a crime. Having carefully reviewed the record, see Smith v. Watkins, 159 F.3d 1137, 1138 (8th Cir. 1998) (de novo standard of review), we affirm.

Although the city ordinance infractions upon which the challenged stops were based appear minor, Wilson fails to establish that the stops were unconstitutional or that the scope of the stops was excessive. Cf. United States v. Beck, 140 F.3d 1129, 1133-34 (8th Cir. 1998) (affirming that even minor traffic violation creates probable cause to stop vehicle; during investigative traffic stops, officers may ask for identification, request explanation for presence in area, and conduct computer checks). Further, Wilson's evidence falls short of showing that City police officers targeted African Americans or engaged in racial profiling, or that City police officers treated similarly situated whites differently.

We also conclude that Wilson cannot seek reversal in this civil matter on a claim of ineffective assistance of counsel. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (holding that defendant has no constitutional or statutory right to effective assistance of counsel in a civil case). Finally, the district court did not abuse its discretion in awarding costs to defendants. See Firefighters' Inst. for Racial Equal. v. City of St. Louis, 220 F.3d 898, 905 (8th Cir. 2000) (standard of review), cert. denied, 121 S. Ct. 1359 (2001).

---

[1]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.