# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2763

_____

Jack F. White; Mary S. White,      *
                                        *

            Appellants,       *
                                        *    Appeal from the United States

       v.                            *    District Court for the Western
                                        *    District of Arkansas.

John C. Scarbrough; City of      *
Hartford, Arkansas,              *       [UNPUBLISHED]
                                         *

            Appellees.        *

_____

Submitted: January 14, 2002

Filed: January 24, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Jack F. White had a history of photographing employees of the City of Hartford (City) in activities White thought were inappropriate or an abuse of power. After White photographed John C. Scarbrough, the Street and Water Superintendent, removing a political sign critical of the Mayor from private property, Scarbrough verbally and physically attacked White. When White's wife, Mary S. White, attempted to intervene, Scarbrough threw her against a wall. Because the Whites believed Scarbrough was acting in his official capacity by removing a sign that he considered to be a hazard to pedestrians with the assistance of a City backhoe, the

Whites sued Scarbrough and the City for violating their civil rights under 42 U.S.C. § 1983. The district court[*] granted partial summary judgment in favor of the City, finding that there was no unconstitutional custom or policy that caused the Whites' injuries. The Whites settled their suit against Scarbrough individually, but the Whites appeal the grant of summary judgment to the City. Having reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to the Whites, we conclude the district court correctly granted summary judgment to the City. See Riedl v. Gen. Am. Life Ins. Co., 248 F.3d 753, 756 (8th Cir. 2001).

We conclude the Whites failed to show the City had an unconstitutional custom or policy that caused their injuries. See Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 905 (8th Cir. 1999), cert. denied, 528 U.S. 1157 (2000). The City has a written policy preventing City employees from abusing the public but no policy preventing photography of City employees. Assuming without deciding that the City's earlier warning and arrest (but not prosecution) of White for harassment create a policy of preventing White's civic photography, Scarbrough's assault is a departure from the earlier lawful preventative action. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651-52 (8th Cir. 1998). Thus the Whites' injuries were not caused by the City's antiphotography policy. Further, the Whites do not assert that the City's antiphotography policy is unconstitutional.

We affirm the district court's grant of summary judgment. See 8th Cir. R. 47B.

---

[*]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.