# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3180

_____

Vaughn Lee Miller,      *
     *
       Appellant,      *
     *    Appeal from the United States
   v.      *    District Court for the Western
     *    District of Arkansas.
Andy Lee, Sheriff, Benton County;      *
Deputy R. D. Connor;      *      [UNPUBLISHED]
Deputy Paul Newell,      *
     *
       Appellees.      *

_____

Submitted: February 4, 2002
Filed: February 7, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Vaughn Lee Miller filed a 42 U.S.C. § 1983 complaint against two Benton County deputies and the sheriff, based on injuries he allegedly received while being transported from one jail to another. The district court[1] granted defendants' motion for summary judgment, finding that Miller's complaint alleged

_____

[1]The Honorable Beverly Stites Jones, Unites States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

no more than negligence and therefore did not state a section 1983 claim.  Upon de novo review, <u>see</u> <u>Spencer v. Knapheide Truck Equip. Co.</u>, 183 F.3d 902, 904-05 (8th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1157 (2000), we agree with the district court, <u>see</u> <u>Williams v. Kelso</u>, 201 F.3d 1060, 1065 (8th Cir. 2000) (to establish claim of deliberate indifference to substantial risk of serious harm, plaintiff must show more than negligence); <u>Tlamka v. Serrell</u>, 244 F.3d 628, 635 (8th Cir. 2001) (supervisor liability arises only if supervisor directly participates in constitutional violation, or failure to train causes constitutional deprivation).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.