# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3866

_____

|  |  |  |
|---|---|---|
| Marvin Lidell Lott, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Bill Ferrell; Gary Mize; Jim Bonner, | * | [UNPUBLISHED] |
| Capt.; Scott County Jail; Scott County | * | |
| Sheriff's Department, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 7, 2004
Filed: September 15, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Marvin Lott appeals from the district court's[1] adverse entry of judgment on a jury verdict and from its previous adverse grant of partial summary judgment in Lott's 42 U.S.C. § 1983 lawsuit. In his July 2000 complaint, Lott sought damages and injunctive relief from the Scott County Sheriff's Department and Jail,

_____

[1]The Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Sheriff Bill Ferrell, and Jail employees Gary Mize and Jim Bonner. He alleged that while he was a pretrial detainee, the defendants failed to protect him from an attack by other inmates and then refused to provide him medical care for injuries he suffered in the attack. After the district court granted summary judgment on all the claims except the failure-to-protect claim against Mize, it appointed counsel for Lott. The remaining claim was tried to a jury, and a verdict was rendered in favor of Mize.

We find no abuse of discretion in the district court's decision not to appoint counsel earlier. See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996). We also reject Lott's arguments concerning the lack of representation during certain depositions, as the Sixth Amendment right to confrontation does not apply in civil matters. See Patrick v. City of Detroit, 906 F.2d 1108, 1110 (6th Cir. 1990).

As to the adverse grant of partial summary judgment, see Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir. 2004) (standard of review), we note that Lott did not specify in what capacity he was suing Ferrell and Bonner. Accordingly, they were sued only in their official capacities and the claims against them were thus essentially against Scott County. See Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) (if complaint does not specifically name public official in individual capacity, it is presumed he is sued only in his official capacity); cf. Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 905 (8th Cir. 1999) (official-capacity claims against police board members must be treated as claims brought against municipality), cert. denied, 528 U.S. 1157 (2000). As the district court observed, the claims against the Jail and Sheriff's Department were also essentially against the County. See Turney v. Waterbury, 375 F.3d 756, 761-62 (8th Cir. 2004). We find that summary judgment was properly granted on the medical-care and failure-to-protect claims against the Sheriff's Department, the Jail, Ferrell, and Bonner. Although Lott stated Ferrell and Bonner had a practice of denying medical care after inmate beatings to hide their wrongdoing, this was an assertion raised only in his unverified complaint amendment. See FDIC v. Bell, 106 F.3d 258,

263 (8th Cir. 1997) (arguments or allegations, without more, are insufficient to defeat properly supported summary judgment motion). Further, only after the summary judgment ruling did Lott assert that there were no policies on protection of inmates and that Ferrell improperly permitted one jailer to be in charge of the entire jail. See Turney, 375 F.3d at 761-62 (requirements for § 1983 claim against municipality).

Lott's remaining arguments about the admission of evidence at trial and the jury's verdict cannot be reviewed. Absent a trial transcript, it is unknown in what context the evidence was presented; whether Lott objected to the evidence, or the basis for the district court's evidentiary rulings if he did object; and upon what evidence the jury's verdict was based. See Schmid v. United Bhd. of Carpenters & Joiners of Am., 827 F.2d 384, 384-86 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1071 (1988).

The judgment is affirmed.

_____