[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11933
Non-Argument Calendar
_____

D. C. Docket No. 05-21820-CV-JAL

GLENN C. SMITH,

                                        Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James McDonough, Secretary,
ASSISTANT WARDEN,
B. Coleman, in his individual capacity,
J. L. GONZALEZ,
Sgt., in his individual capacity,
R. J. PEREZ,
Sgt., in his individual capacity,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 24, 2007)

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Glenn Smith, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his pro se 42 U.S.C. § 1983 complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2) of the Prison Litigation Reform Act (PLRA). On appeal, Smith alleges that his Eighth Amendment right to be free from cruel and unusual punishment and First Amendment right to seek redress of grievances were violated when he was forced, over his complaints, to ride in an allegedly unsafe converted utility van. Smith also argues that the district court erred in dismissing his complaint without first construing a supplemental pleading as a motion to amend and considering the arguments raised therein, and because his complaint properly stated a claim of cruel and unusual punishment and retaliation. For the reasons discussed more fully below, we affirm.

In his complaint, Smith asserted that, on April 5, 2005, two prison employees led him to a converted utility van fitted with sheet metal benches, "after-market" seat belts, and no windows. When Smith stated that he would not ride in the van, voiced his specific safety concerns, and advised that he had been involved in a previous lawsuit regarding a similar van at another prison, the employees summoned the assistant warden, and the three physically forced Smith

into the van. On the return trip, the two employees failed to fasten Smith's seat belt, so that he was thrown around within the van, and his hip was aggravated. On April 7, 2005, Smith filed a grievance with the Florida Department of Corrections, which was denied. Smith later was forced to ride in the van again, on April 18, 2005. Smith alleged that transporting him in an unsafe van was unnecessary because he previously had been transported in a proper van and later learned that other inmates had been transported in proper vans.

In accordance with 28 U.S.C. § 1915A of the PLRA, a magistrate judge screened Smith's complaint and recommended dismissing the cause of action for failure to state a claim. Thereafter, Smith filed three supplements to his complaint, making similar arguments about a van ride that occurred on November 2, 2005. Smith asserted that, as a result of this trip, he suffered serious pain in his "rear end" for several days and feared that he was subjected to "diesel therapy" in retaliation for his earlier complaints. Smith also asserted that the PLRA was unconstitutional. After reviewing de novo Smith's complaint, the district court dismissed the case for failure to state a claim. The district court's order did not mention Smith's supplements.

As a preliminary matter, Smith's argument before the district court that the PLRA is unconstitutional is without merit. See Mitchell v. Farcass, 112 F.3d 1483,

3

1488-89 (11th Cir. 1997) (holding that the filing fee requirement of § 1915(b) does not violate the Equal Protection Clause); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that sua sponte dismissals under § 1915(e)(2) for failure to state a claim does not violate the Equal Protection Clause or the procedural protections of the Due Process Clause).

Also as a preliminary matter, the district court's apparent failure to construe Smith's supplemental pleadings as amendments to his complaint and to consider the arguments and evidence presented therein was not error. We have held that a district court does not abuse its discretion in denying a plaintiff's motion to amend his complaint when amendment would have been futile, in that the complaint is still subject to dismissal even in light of the arguments presented in the plaintiff's motion to amend. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004). Here, had Smith properly presented his supplemental arguments in a motion to amend his complaint, the district court would not have abused its discretion in denying the motion because his supplemental arguments do not alter the above analysis. See id. Accordingly, the district court did not err in declining to consider Smith's supplemental arguments because doing so would have been futile. See id.

4

Pursuant to the PRLA, the complaint of a prisoner proceeding in forma pauperis shall be dismissed at any time if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B). We review de novo a district court's sua sponte dismissal for failure to state a claim under this provision, using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals. Mitchell, 112 F.3d at 1490. Accordingly, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Swann v. Southern Health Partners, Inc., 388 F.3d 834, 836 (11th Cir. 2004).

The complaint at issue in the instant appeal alleges a violation of § 1983. To prevail under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). The federal rights at issue in the instant appeal are the Eighth Amendment right to be free of cruel and unusual punishment and the First Amendment right to free speech.

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). Although this amendment does not require comfortable prisons, it prohibits

inhumane ones. Id. To show an Eighth Amendment violation, a prisoner must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective component, while a prisoner "need not await a tragic event" before seeking relief, he must show a condition that is "extreme" and that "pose[s] an unreasonable risk of serious damage to his future health" or safety and "deprive[s] [him] of the minimal civilized measure of life's necessities." Id. at 1289. Stated differently, the prisoner must show a condition with a risk that "today's society chooses [not] to tolerate." Id. at 1290.[1]

We previously have not examined whether transporting prisoners in converted utility vans poses the sort of risk required under the objective component. However, as persuasive authority, the Eighth Circuit, in Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 904-06 (8th Cir. 1999), addressed a case in which the plaintiff was forced to ride on a steel bench in a van without a seat belt or other safety restraint, eventually allowing him to be thrown forward and ultimately paralyzed, and held that the Police Board's purchase of vans without safety restraints and the transportation of prisoners in those vans did not

---

[1] Under the subjective component, the prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue, or acted with "deliberate indifference." Chandler, 379 F.3d at 1290. This standard involves three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. Id. at 1290 n.21. However, because Smith fails to satisfy the objective component, as discussed below, we need not address the subjective component.

pose a substantial risk of serious harm to the prisoner passengers. The Eighth

Circuit concluded that this practice was negligent, at best. Id. at 906.[2]

The First Amendment protects inmates from retaliation for exercising their

right to free speech and to petition the government for redress of grievances.

Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006), cert. denied, 127 S.Ct.

1908 (2007). This amendment is violated when a prisoner is punished for filing a

grievance concerning the conditions of his imprisonment. Id. To demonstrate

such a violation, the prisoner must show that the punishment is causally related to

his filing of a grievance. Farrow v. West, 320 F.3d 1235, 1248-49 (11th Cir.

2003).

The record demonstrates that the district court did not err in dismissing

Smith's complaint for failure to state a claim under the Eighth Amendment. See

Mitchell, 112 F.3d at 1490. Specifically, we are persuaded by the Eighth Circuit's

precedent to  hold that Smith has not satisfied the requisite objective component.

See Chandler, 379 F.3d at 1289-90; Spencer, 183 F.3d at 904-06. If, as our sister

circuit has held, riding on a steel bench without a seat belt is not a sufficient risk,

then the condition complained of by Smith, namely, riding in a converted utility

---

[2] Regarding the subjective component, the Eighth Circuit held that the Prison Board's knowledge of complaints that passengers of the vans were being thrown around and subjected to minor injuries and even injuries meriting hospital treatment did not demonstrate deliberate indifference to the risks posed by the conditions. Spencer, 183 F.3d at 906.

van on a steel bench and with a seat belt, also is insufficient. See Spencer, 183 F.3d at 904-06. Moreover, we cannot say that riding in a van equipped with the manufacturer's car seats, seat belts, and windows is a necessity, such that riding in a van without these characteristics is a deprivation of the minimal measure of life's necessities or is something that modern society would find intolerable. See Chandler, 379 F.3d at 1289-90. Therefore, because Smith did not allege a sufficiently risky condition, we affirm the district court's dismissal insofar as he claims an Eighth Amendment violation.

The record also demonstrates that the district court did not err in dismissing Smith's complaint for failure to state a claim under the First Amendment. See Mitchell, 112 F.3d at 1490. Specifically, we hold that Smith has not shown that the defendants punished him by forcing him to ride in the van because of a grievance. See Boxer X, 437 F.3d at 1112. While we previously have not addressed whether the First Amendment also is violated when a prisoner shows that he was punished because he made oral complaints, we need not resolve this issue because Smith has failed to show that the defendants' forcing him to ride in the van on April 5, 2005, was because he had voiced a complaint about the van's condition. See Farrow, 320 F.3d at 1248-49. Indeed, the evidence demonstrates that the defendants already were planning to put Smith in the van at the point when he made his complaints

8

and only put him in the van in continuation of this prior plan. Smith also has not alleged who forced him to ride in the van on April 18, 2005, and whether these parties knew of his April 7, 2005, written grievance. See id. Therefore, because Smith has not shown that he was retaliated against because he filed a grievance, we affirm the district court's dismissal insofar as he claims a First Amendment violation.[3]

**AFFIRMED.**

---

[3] Smith also argued on appeal that the magistrate erred in dismissing his motion to appoint counsel and/or an expert. This argument is without merit. Pursuant to the PLRA, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Supreme Court has held that this provision does not require mandatory appointments of counsel and does not require an attorney, once requested, to accept. See Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301-08, 109 S.Ct. 1814, 1818-22 (1989). This ruling that counsel is not required also precludes any entitlement to an expert. See id.

9