**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-10862
Summary Calendar

GARY COOKS

Plaintiff-Appellant

v.

CHRISTINA MELTON CRAIN; BECKY PRICE; BRUCE ZELLER

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:08-CV-70

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gary Cooks, Texas prisoner # 1249204, brought suit claiming that being transported in vehicles that lacked seatbelts was so unsafe as to violate his constitutional rights. His jurisdictional vehicle was 42 U.S.C. § 1983. The district court dismissed the suit as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Cooks's request to proceed in forma pauperis (IFP) on appeal was denied. We DENY the IFP motion and DISMISS this appeal as frivolous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cooks argues that the district court abused its discretion by dismissing his claim concerning unsafe transportation. He relies on a precedent in which an inmate was exposed to the smoke from other inmates' cigarettes. *Helling v. McKinney*, 509 U.S. 25, 28 (1993). In that case, the inmate's argument concerned present and continuing harm. It was not an argument, as here, based on the need for an extra measure of safety against the possibility of harm. Indeed, what Cooks seeks are safety devices – seatbelts in large passenger vans – which he has not shown are required by state or federal law. The district court considered this argument and found no violation of a federally protected right by the absence of seatbelts.

Cooks also contends that officials infringed his rights by failing to comply with a Texas statute that requires policies to be adopted for the safe transportation of inmates. TEX. GOV'T CODE § 500.006(a). He has not shown a failure to adopt policies but only a disagreement with the ones adopted.

At most, these general allegations raise questions about whether prison authorities might have reasons to reconsider some of their policies and practices. He has not shown any infringement of a constitutional right, nor even any violation of statute.

Accordingly, Cooks has not shown that the district court's certification that an appeal would not be taken in good faith was incorrect. This appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Cooks's request for IFP is denied, and his appeal is dismissed. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Cooks is cautioned that the district court's dismissal of his suit and our dismissal of the appeal as frivolous both count as strikes under Section 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Cooks is also cautioned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any

facility unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.