*Jabbar v. Fischer*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2011

(Submitted:  May 31, 2012    Decided:  June 21, 2012)

Docket No. 11-3765

------

MUHAMMAD A. JABBAR,

*Plaintiff-Appellant*,

v.

BRIAN FISCHER, COMMISSIONER OF NEW YORK STATE PRISONS, RAYMOND J. CUNNINGHAM, SUPERINTENDENT OF WOODBOURNE CORRECTIONAL FACILITY, SCOTT J. CARLSEN, SUPERINTENDENT OF ULSTER CORRECTIONAL FACILITY,

*Defendants-Appellees*.

------

Before:
            WINTER, CHIN, and DRONEY, *Circuit Judges*.

        Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, *J.*) dismissing a complaint brought by a state inmate who alleged violations of his constitutional rights when he was transported on a bus without a seatbelt and was injured when thrown from his seat.

        AFFIRMED.

Muhammad A. Jabbar, *pro se*, Woodbourne, New York.

Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Marion R. Buchbinder, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York, *for Defendants-Appellants*.

---

PER CURIAM:

Plaintiff-appellant Muhammad Abdul Jabbar, a state inmate proceeding *pro se*, alleges that defendants-appellees violated his constitutional rights under the Eighth and Fourteenth Amendments by transporting him on a bus without a seatbelt. The United States District Court for the Southern District of New York (Jones, *J.*) dismissed the action. Jabbar appeals. We hold that the failure of prison officials to provide seatbelts to prison inmates does not, standing alone, violate the Eighth or Fourteenth Amendments. Accordingly, we affirm.

## BACKGROUND

The following facts are drawn from Jabbar's complaint filed on May 26, 2010. We construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in Jabbar's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Further, we construe a *pro se* complaint "to raise the strongest arguments [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

On April 24, 2009, Jabbar, an inmate incarcerated at Woodbourne Correctional Facility in Woodbourne, New York ("Woodbourne"), was transported to and from a medical appointment at an outside facility. He was transported on an Ulster Correctional Facility ("Ulster") "hub bus" that did not have seatbelts for inmate passengers (although seatbelts were provided for corrections officers). During transport, Jabbar was shackled from his wrists to his ankles. The bus made a forceful turn and Jabbar, who had

fallen asleep, was thrown from his seat.  He hit his head on another seat and was knocked unconscious.  He sustained injuries to his face, head, and back.

Jabbar sued defendants -- the Commissioner of New York State Prisons, the Superintendent of Woodbourne, and the Superintendent of Ulster -- contending that their failure to provide a bus seatbelt violated his Eighth and Fourteenth Amendment rights.  Jabbar alleged that defendants:  knew that the Ulster hub bus did not have seatbelts for inmates, had the authority to order the use of buses with seatbelts, and failed to provide seatbelts on the bus for inmates.

On January 7, 2011, defendants moved to dismiss. On August 10, 2011, the district court granted the motion.

This appeal followed.

### DISCUSSION

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss.  *See Chambers*, 282 F.3d at 152; *see also* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

We hold that the failure of prison officials to provide inmates with seatbelts on prison transport buses does not, standing alone, violate the Eighth or Fourteenth Amendments. Accordingly, we affirm the district court's dismissal.

## I.  *Applicable Law*

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison conditions to be "humane," though not necessarily "comfortable." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), and *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)); *see* U.S. Const. amend. VIII. To establish an Eighth Amendment violation, an inmate must show:  "(1) a deprivation that is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities[;] and (2) a sufficiently culpable state of mind

on the part of the defendant official, such as deliberate indifference to inmate health or safety." *Gaston*, 249 F.3d at 164 (citing *Farmer*, 511 U.S. at 834) (internal quotation marks omitted).

As to the objective element, there is no "static test" to determine whether a deprivation is sufficiently serious; "[t]he conditions themselves must be evaluated in light of contemporary standards of decency." *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995) (citing *Rhodes*, 452 U.S. at 346). We have held that prisoners may not be deprived of their "'basic human needs -- *e.g.*, food, clothing, shelter, medical care, and reasonable safety'" -- and they may not be exposed "to conditions that 'pose an unreasonable risk of serious damage to [their] future health.'" *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (per curiam) (quoting *Helling v. McKinney*, 509 U.S. 25, 32, 35 (1993)).

As for the subjective requirement, deliberate indifference requires "more than mere negligence." *Farmer*, 511 U.S. at 835. The prison official must know of, and

disregard, an excessive risk to inmate health or safety. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . [cannot] be condemned as the infliction of punishment." *Id.* at 838.

To establish a due process violation of the Fourteenth Amendment, an inmate must show that a government official made a deliberate decision to deprive him of his life, liberty, or property. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986); *see also* U.S. Const. amend. XIV. Merely negligent conduct does not give rise to claims under the Fourteenth Amendment. *See Daniels*, 474 U.S. at 331, 333.

## II. *Application*

We have not yet addressed whether the Eighth or Fourteenth Amendments are violated when a prison official does not provide a bus seatbelt to a prison inmate in transport. Other courts have rejected these claims. The Eighth and Eleventh Circuits have held that the failure to provide an inmate without a seatbelt does not, standing

alone, give rise to a constitutional claim. *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906-07 (8th Cir. 1999); *Smith v. Sec. for Dep't of Corrs.*, 252 F. App'x 301, 303-04 (11th Cir. 2007) (per curiam); *cf. Brown v. Fortner*, 518 F.3d 552, 559-62 (8th Cir. 2008) (holding that driving recklessly while transporting shackled inmate without seatbelt despite requests to slow down constituted unreasonable and substantial risk of harm violating Eighth Amendment). The Fifth and Tenth Circuits agree, albeit in non-precedential decisions. See *Cooks v. Crain*, 327 F. App'x 493, 494 (5th Cir. 2009) (per curiam); *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 641-43 (10th Cir. 2004) (order and judgment). Numerous district courts have also rejected such claims. *See e.g., Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 437-38 (S.D.N.Y. 2004); *Shepard v. Daviess Cty. Det. Ctr.*, No. 10-cv-105, 2011 WL 9342, at *6 (W.D. Ky. Jan. 3, 2011); *Otero v. Catalogne*, No. 08-282, 2010 WL 3883444, at **7-9 (W.D. Pa. Sept. 28, 2010); *Walls v. Kaho*, No. 06-cv-188, 2009 WL 901917, at *2 (S.D. Miss. Mar. 31, 2009); *Young v. Dep't of Corrs.*, No. 04-10309, 2007

WL 2214520, at **4-6 (E.D. Mich. July 27, 2007); *Mojet v. Transp. Driver*, No. 06-cv-321, 2006 WL 3392944, at *2 (N.D. Ind. Nov. 22, 2006); *Williams v. City of New York*, No. 03-cv-5342, 2005 WL 2862007, at **2-3 (S.D.N.Y. Nov. 1, 2005); *Lopez v. N. Ariz. Coca-Cola Bottling Co.*, No. 99-cv-192, 2001 WL 1105129, at *1 (D. Ariz. Sept. 12, 2001).

For the reasons that follow, we also hold that the failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments.

First, as for the Eighth Amendment's objective requirement, the failure to provide a seatbelt is not, in itself, "sufficiently serious" to constitute an Eighth Amendment violation. *See Gaston*, 249 F.3d at 164 (citing *Farmer*, 511 U.S. at 834). A bus seatbelt is not a "life[ ] necessit[y]." *See id*. While seatbelts may offer "reasonable safety" for the general public, *see Phelps*, 308 F.3d at 185, on a prison bus their presence could present safety and security concerns, *see Spencer*, 183 F.3d at 907; *Carrasquillo*, 324 F. Supp. 2d at 437 (citing *Spencer*, 183

-9-

F.3d at 907).  Inmates, even handcuffed or otherwise restrained, could use seatbelts as weapons to harm officers, other passengers, or themselves.  *See Spencer*, 183 F.3d at 907; *Carrasquillo*, 324 F. Supp. 2d at 437 (citing *Spencer*, 183 F.3d at 907).  A correctional facility's use of vehicles without seatbelts to transport inmates, when based on legitimate penological concerns rather than an intent to punish, is reasonable.  *Spencer*, 183 F.3d at 907; *see Carrasquillo*, 324 F. Supp. 2d at 437-38.

Second, as for the Eighth Amendment's subjective requirement, because the absence of seatbelts on inmate bus transport is itself not an excessive risk, without more, "deliberate indifference" -- that is, that defendants knew of, and disregarded, an excessive risk to inmate safety -- cannot be plausibly alleged.  *See Farmer*, 511 U.S. at 837.

Third, for the reasons stated above, under the Fourteenth Amendment, failure to provide an inmate with a seatbelt does not constitute a deprivation of life, liberty, or property.  *See Daniels*, 474 U.S. at 331, 333.

-10-

Here, Jabbar did not allege that there was any intent to punish or other improper motivation for the lack of inmate seatbelts on the Ulster hub bus, and we cannot reasonably infer such intent. *See Spencer*, 183 F.3d at 907 ("When a policy lacks an express intent to punish, as this one does, we may infer such an intent if the policy is either unrelated to a legitimate penological goal or excessive in relation to that goal."). Jabbar did not allege that defendants knew of any excessive risk to inmate safety. *See Farmer*, 511 U.S. at 837. Indeed, the complaint alleged "gross negligence" and a "fail[ure] to supervise adequately," rather than an intent to punish. (Compl. at 6). Thus, without more, the complaint failed to allege sufficient facts to state a plausible claim. *See Iqbal*, 556 U.S. at 678. The district court did not err in dismissing the complaint.

### *CONCLUSION*

Accordingly, the judgment of the district court is **AFFIRMED.**