13-3602
Bonano v. Carlsen et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Michael Bonano, AKA Anthony Cusamano,

> *Plaintiff-Appellant*,

v.                                        13-3602

John Doe, #2, et al.,

> *Defendants*,

Scott Carlsen, Superintendent, Ulster Correctional Facility, et al.,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:      Michael Bonano, pro se, Collins, New York.

FOR DEFENDANTS-APPELLEES:      Eric T. Schniederman, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Andrew B. Ayers, Frederick A. Brodie, Assistant Solicitors General, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion for acceptance of a late reply brief is **GRANTED**, and the judgment of the district court is **AFFIRMED**.

Appellant Michael Bonano, pro se, appeals from a judgment granting summary judgment to the appellees on his Eighth Amendment claim that he was sickened by brown water that flowed from the showerheads and sink faucets that he used while incarcerated at Ulster Correctional Facility. Bonano also challenges the district court's order denying his request for discovery sanctions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. Bonano contends that the district court erred in not imposing discovery sanctions against defendants. A ruling on a motion for discovery sanctions is reviewed for an abuse of discretion. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). Federal Rule of Civil Procedure 37(b)(2) provides for discovery sanctions, including staying the case pending compliance, and entry of a default judgment. *See* Fed. R. Civ. P. 37(b)(2)(A); *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). The district court "has the power to set and enforce reasonable deadlines for discovery and motion practice" to maintain efficiency in the context of prisoner litigation. *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).

Bonano had a full opportunity to pursue discovery: the discovery deadline was stayed and extended from October 2010 until January 2011, then, at Bonano's request, it was again extended to March 2011. The order extending the discovery deadline a second time clearly stated that no

further discovery extensions would be granted. Bonano concedes that he received numerous responsive documents during this time period and also successfully compelled defendants to produce additional documents in April 2011, despite a lack of advance notice for that request. The fact that Bonano's case was nearing trial further suggests that the court reasonably enforced the discovery completion deadline. *See Lore v. City of Syracuse*, 670 F.3d 127, 174-75 (2d Cir. 2012).

**2.** Bonano argues that the district court erred in considering defendants' second motion for summary judgment after denying the first motion. The record reflects, however, that the second summary judgment motion was accompanied by critical evidence absent from the first summary judgment motion, including: (1) authentication of the test reports authored by Environmental Labworks, Inc.; (2) a declaration of Christopher Jaeger, a certified water systems operator who supervised the issuance of reports regarding the water quality at Ulster; and (3) an Annual Drinking Water Quality Report for 2007 applicable to Ulster's water source. The district court's consideration of a second summary judgment motion was entirely appropriate. *See Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012) ("Appellees had reason to move again for summary judgment . . . . 'District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought.'") (quoting *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000)).

Bonano further contends that the law of the case barred the grant of defendants' second motion for summary judgment. However, that doctrine is "discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also United States v. Uccio*, 940

3

F.2d 753, 758 (2d Cir. 1991).

**3.** We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). To state an Eighth Amendment claim, a plaintiff must allege that "(1) objectively, the deprivation the inmate suffered was 'sufficiently serious that he was denied the minimal civilized measure of life's necessities,' and (2) subjectively, the defendant official acted with 'a sufficiently culpable state of mind . . . , such as deliberate indifference to inmate health or safety.'" *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)). The objective element is satisfied by a showing that the plaintiff's "conditions . . . pose an unreasonable risk of serious damage to his health," through a deprivation of " 'basic human needs' such as food, clothing, medical care, and safe and sanitary living conditions." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subjective element is satisfied by a showing that the defendant "acted with 'more than mere negligence.' *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). "The prison official must know of, and disregard, an excessive risk to inmate health or safety." *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012).

As the district court concluded, Bonano did not raise a triable issue of fact on the objective element. Bonano failed to establish a causal link between the water at Ulster Correctional Facility and his disorder: that connection is only "conjecture[] or speculation." *Kulak v. City of N.Y.*, 88 F.3d 63, 71 (2d Cir. 1996). Bonano was unsure of whether he visited medical staff while at Ulster and offered no medical expert's opinion as to causation. In addition, Bonano did not swallow the water when he showered or brushed his teeth, but instead drank from a water fountain, a source

4

that Bonano does not claim provided brown water. The authenticated Environmental Labworks reports, as well as Christopher Jaeger's declaration and report, further established that the water at Ulster was safe: Ulster's water was softened, disinfected, tested at multiple locations, did not contain bacteria, and did not violate state regulatory limits for contaminants during Bonano's incarceration. Bonano has not rebutted this evidence.

Regarding the subjective element, the district court concluded that Bonano failed to raise a genuine issue of fact as to whether Carlsen acted with deliberate indifference. This Court has required a showing of "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Bonano submitted evidence suggesting that Carlsen was aware of Bonano's grievance and his petition about Ulster's water. Nevertheless, as the district court observed, Carlsen knew that the water was treated and tested regularly, and delegated the daily management of the water to staff and independent contractors, none of whom advised him that the water posed any substantial risk of harm during the relevant time. Furthermore, the response from the grievance director shows that the prison considered Bonano's grievance, and assured him the water was regularly tested and deemed safe. Because the district court did not err in granting defendants' motion for summary judgment on Bonano's substantive claim, we need not reach the district court's qualified immunity ruling.

We have considered all of Bonano's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk